Thank you, Your Honor. May it please the court. My name is Alexandra Schneider. I'm the father of Mr. Solorio, his wife and two daughters. I would like to reserve two minutes for rebuttal. I will be mindful of my time. Mr. Solorio and his family's lives were in grave danger when his brother was kidnapped by a group of masked men, all dressed in black, armed with guns, witnessed by his 10-year-old daughter, Wendy. After taking time to grieve their loss, Mr. Solorio went on a search for his brother. He testified that he went to hospitals, to jails, and to the state-run morgue, part of the state attorney's office. He gave the state authorities his name and his address and told them that members of the cartel had taken his brother. As a result of his actions, the cartels began to intimidate and threaten Mr. Solorio and his family, and they were so afraid that they did not feel safe to use their phone, could not leave their house except for under the dark of night. We're pretty familiar with the facts of the case, and you've got very little time, so could you tell us why the BIA or the IJ or the agency erred in its rulings here? Yes, Your Honor. Well, the IJ and the BIA committed an abuse of discretion when they failed to perform the required analysis regarding Nexus as it relates to both the protected grounds of political opinion and the particular social groups of Mexicans who report to the authorities and family. The IJ found respondents very credible and believable witnesses, and that it was evident that they were both afraid of Mexico, and that would be Wendy and her father, Wendy the daughter and Gerardo the father, and she gave full evidentiary weight to their testimony at AR-77. Regarding the political opinion, in order to find that Mr. Solorio had the imputed political opinion of being anti-cartel under Regulado Escobar v. Holder, the court must analyze whether or not there was an objective basis between the harassment and the political opinion that was held. The objective basis in this case is whether or not the cartels had a particular ideology, and the IJ at AR-82 and 83 limited their analysis to stating that Mr. Solorio was simply looking for his brother. They performed no additional analysis and no discussion of the objective wrong. Counsel? Yes. What was the political opinion that was espoused by Mr. Mejia? The imputed political opinion would be that of being anti-cartels. Now, Judge Rawlinson, you asked what was the political opinion espoused, but I think she keeps referring to imputed political opinion. Yes, well, that is part of the problem, Your Honor, that the underlying courts did not analyze that Mr. Solorio and his family had an imputed political opinion. But Judge Rawlinson's question was, I think, an expressed political opinion? Yeah, I just wanted to know what actions would have been taken that would support the notion that a political opinion was attributed to them? Because normally, if there's a political opinion imputed, it's because something that's been done or said. So what was done or said by Mr. Mejia that would result in a political opinion being imputed to him? Well, the very credible evidence that the IJ found included Mr. Gerardo's testimony, which stated that he told the authorities that it was the cartels who took his brother. And when asked, why do you think they will harm you? He said, I think because I would never let them catch me. But he also stated, I think that the armed men think that I filed a report against them because they think I am looking for them, because I left my information. How is that a political opinion? Because they were overt acts against the cartel who had shown, and it is known in their community, that individuals who are speaking out and going against their wishes, that that is against the cartels. And regarding the error of the underlying court, they did not analyze whether or not there was an objective basis. And that is very credible testimony, which we reviewed, as well as the HR report and the article submitted, added to further compel a finding that the cartels had a particular ideology. Let me ask you this, doesn't the BIA's opinion reference imputed political opinion? But they rely on the IJ, and the IJ merely said that Gerardo was simply looking for his brother and made no analysis regarding any objective basis or a particular ideology of the cartels in order to analyze whether or not there was a political opinion. So there was no analysis made, it was a very brief one-line statement. In fact, the judge moved on very quickly and had only a step of analysis. What argument was made to the IJ regarding imputed political opinion? I believe, Your Honor, that the petitioner argued that their actions purported that, therefore, the cartels viewed them as having this opinion because of the overt actions that they took. So for the record, can we look to confirm the argument that was made before the IJ that referenced imputed political opinion? In the pre-hearing statement at AR 209, the pre-hearing statement talked about how they resisted the practices of criminal organizations, and then they also used the article that Mexican authorities said that drug trafficking, basically talking about how there was a political ideology, and all of this was used to show that there was political opinion. AR 209 talks about a political ideology? Well, AR 209 first talks about what Gerardo's actions were, and then the article refers to what the political ideology would be, in addition to Mr. Solorio's credible testimony. The next issue I'd like to discuss is a particular social group of Mexicans who reports that the authorities, the court failed to also perform an analysis of why Mr. Solorio's actions do not amount to a group that is sufficiently particular and socially visible. The IJ gave full evidentiary weight to Mr. Solorio's testimony and found that they only had a well-founded fear of future persecution, and yet in their analysis merely stated for a second time that Mr. Solorio was simply looking for his brother. Can I just interject something right there? You said the social group of persons who report to authorities, but I thought his proposed social group was persons who report misconduct or violence to the police. I believe both grounds were stated, and the language is such that the translation from Spanish to English is sometimes used as authorities and sometimes used as police, and both were used within the PHS and in the hearing. Wouldn't it make a difference if it were police and just any authority? Can you just say it's the same? Well, the evidence shows that Gerardo testified that it was the state attorney's office and that the state-run morgue was part of the police, and so arguably they are the police, but I think it's a matter of cultural distinction. And I believe that the facts present a more complex scenario than Mr. Solorio simply looking for his brother. Mr. Solorio took concrete and overt steps, and as a result, the cartels began to intimidate and threaten him and his family. The lower court failed to make an analysis, and the BIA erred by not remanding on that issue. Did you want to save the balance of your time for rebuttal? Yes. Yes.  Good morning. May I be pleased to call? My name is Kevin Conway for the United States Attorney General. In this case, Mr. Solorio, I'm sorry, there's substantial evidence supports the agency's finding that the petitioner failed to meet his burden of proof of the relief sought and the evidence of record does not compel a contrary conclusion. I think that some of the testimony that the petitioner relies on has been somewhat embellished throughout the course of the proceedings. It was very clear in statements made by, testimony made by Mr. Solorio saying that the only reason he went in search of his brother was to find him and make sure that he was all right or to find him so that he could give him a proper burial if possible. There's no statements made other than the fact that he said cartels may have been the ones who did it or who abducted him. There's been no statements, no testimony that he had any kind of anti-cartel or anti-gang opinions. So there's no overt political opinion and to say it's a stretch to say that merely looking for one's relative and leaving your name in the event that individual is found at some point equates to a filing a report and seeking justice or an expression of opposition to the gangs. It's merely a statement of fact. Would you agree that in the pre-hearing statement the petitioner raised an imputed political opinion argument? I believe they are raising an imputed political opinion argument. But that's not my question. My question is in the pre-hearing statement before the IJ would you agree that the petitioner raised an imputed political opinion argument? I believe that that's in the pre-hearing statement. Yes, Your Honor. But where is it in the hearing statement, counsel? I'd have to look, Your Honor. AR-206, beginning. You should be careful about admitting things without having looked for it. I'm sorry, Your Honor. It has been some times as I've looked at this. I don't see it on page 206, Your Honor. 206 is the beginning of the pre-hearing statement. So I ask you where in the pre-hearing statement was an imputed political opinion argument made? Since you conceded that there was one made, I wanted you to tell me where it is. Well, I see here on the bottom of page 208 and the beginning of page 209. Imputed political opinion could exist no matter what the applicant's actual political opinion may be. So you concede that that wasn't the argument? You concede that that was an argument? I'm sorry, Your Honor. I wouldn't say that as a concession. I'm saying that they mentioned imputed political opinion in their pre-hearing statement. Well, Judge Paez's question to you was whether or not you agreed that an imputed political opinion argument was raised in the pre-hearing statement. And I understand that, Your Honor. But I'm saying that an imputed political opinion was mentioned in the pre-hearing statement. Okay. So when it gets to the BIA, the BIA seems to think… I didn't catch that, Your Honor. I lost you. Okay. So after he loses before the IJ – well, let me back up. Did the IJ in his decision specifically address imputed political opinion? I don't recall that he did address it directly. Isn't there a mention of it in the IJ, just the word imputed political opinion? There could be, Your Honor. I don't know specific – I don't recall. Okay. All right. So let – there's not an analysis of imputed political opinion by the IJ, at least as I read the IJ's decision. But it goes up to the BIA, right? Yes, Your Honor. And does the BIA address imputed political opinion? I believe they might have mentioned it. Now, do you suppose that they just pulled that out of thin air? Well, I know that the – they raised an imputed political opinion in their brief to the board, so the board would have addressed that. Okay. And as I understand Petitioner's argument, it's that they make just a flat-out statement there was no political opinion, and they cite and rely on the analysis in the IJ's opinion. When I went and looked at the IJ's opinion, I didn't see any analysis. Right. I'm not sure what your question is, Your Honor. Well, I mean, did you see any analysis in the IJ's opinion about imputed political opinion? Not that I recall, Your Honor. But I don't think that that necessarily is fatal to the decision. The evidence in the record, the testimony by the individual, was that it was merely a statement of fact that he made that he believed that the cartels were responsible for his brother's disappearance, not that there was any kind of a political opinion involved in that. It was merely a statement of fact. A belief, I should say, not a fact. And now that that's been embellished, it would include a lot more, but the testimony only included that statement. I thought at the morgue or wherever it was, he was asked whether or not he wanted to file a complaint or to report. Yes, he did. And he said no because of the cartels. And I understood the argument to be that shortly thereafter, the vehicles begin to appear at his home, and that then begins to form the basis for the imputed political opinion argument. Is that right? Well, I'm not sure. I understand what you're saying, that when he was at the morgue, he stated his name, told them where he lived, and that he thought that the cartels were responsible for his disappearance. But that doesn't necessarily equate to, or in our opinion, doesn't equate to, and actually in the board's opinion, does not equate to a political opinion or an anti-gang or anti-cartel opposition. Nor does it equate to the fact that he was out to seek justice. He was merely, by his own testimony, looking for his brother to find out what happened to him and so that he could give him a proper burial. That's the testimony of himself and of his daughter. Okay. Counsel, the BIA in its decision referred to the IJ decision on pages 8 and 9 for the political opinion discussion and affirmed that finding. So does that change your answer at all regarding the IJ's ruling on the political opinion issue? So you're saying that the board referenced back to the IJ's decision on page 8 and 9? Yes, I am. Do you disagree with that? I don't have that in front of me, so I don't know. But I'm sure if the board referenced back to the IJ decision, then the board saw something in there that they agreed with. Judge Piaz was asking you whether or not the board's decision came out of thin air. No, I don't believe it came out of thin air. No, Your Honor. I guess I'm not sure what you're asking. I guess I'm asking you, did you review the record? Yes, I did review the record. Well... Did you want to address anything? Your time is just about up. Did you want to say anything about the other two issues? Just that with regard to the political, the particular social group issue, the argument that he was a member of a social group of Mexicans who reported cartels to the police, there's no evidence of that. Merely by going to and searching for your brother, he was offered an opportunity to make a report and failed to make a report, so he can't even be considered to be a member of that particular social group, even if it was cognizable. Okay. Thank you, Your Honor. Thank you. You had about a minute and a half for rebuttal, counsel. Thank you, Your Honor. First, I would like to say that at AR 208, in the PHS, it was raised that the included political opinion. And then, as regarding whether or not the judge, the lower court, or whether I am embellishing facts, the judge stated, it was evident from their demeanor in court and the expressions on their faces that they were both afraid, not of testifying, but of Mexico, and went on to explain how important all of their testimony was. And even if they were not highly educated to be able to explain all those things, they went to multiple places and showed that. I would like to say that the IJ made an abuse of discretion when they failed to perform an analysis of whether or not there was an objective basis for imputing Mr. Solari with a political opinion, and whether or not the cartels had a particular ideology. The evidence in the record compels a finding of imputed political opinion. Also, Ms. Schneider, would you agree that the family as a persecuted social group issue was not raised before the IJ? I do not agree with that. I believe through the testimony of the petitioners, both Wendy and Gerardo, it was raised many times in facts. And also, the underlying attorney in the PHS referenced family 27 times. If I may, the court does have a duty, I apologize, under the standard of review, to make a case-by-case analysis. If there is no clarity, then the judge is required under Parirboc to make an analysis or to make further clarification. So is your position that it was not clearly raised and then the IJ had an obligation to flesh it out? Is that your argument? Yes, that is my argument. And may I take a moment to find the case? Could you point us to the record where the family, a particular social group of family, was raised at all to the IJ? Throughout the PHS, family was mentioned throughout and is the core of the argument. Was it mentioned as a particular social group? When at the end, there was a very brief interaction between the attorney and the judge where the judge asked briefly, So are you considering political opinion? And he said, and also a particular social group of Mexicans. And then she's like, okay, but she performed no follow-up questions regarding what all of the facts that presented, which Mr. Solario and Wendy, his daughter, family. I guess what I was asking, I'm sorry, I guess what I was asking is whether, I know the family was mentioned, but whether there was any specific reference to the family as a persecuted social group, either in the pre-trial pre-hearing statements or an argument or anything that would suggest that that was an argument, that the family was a persecuted social group. Yes, so in Rios-Rios, Rios raised the PSG of family in his brief to the board, and in so doing, he properly exhausted his administrative remedies. In the matter of WYC and 830, it was held that he must specifically delineate each social group, but I believe it should not be considered retroactive because it would be prejudicial to the client. The client brought up multiple times that this was because of his brother, and it would also be prejudicial to all three petitioners, Adriana, the wife, and the two daughters, Lely Diviana and Wendy, because they also had I-589s pending, and their cases were not analyzed at all. Okay. Thank you, Ms. Schneider. Thank you, Your Honor. We appreciate both arguments, and the matter is submitted. Thank you, Your Honor.
judges: Paez, Rawlinson, Antoon